Rockingham, }
April 1, 1902. }

MARDEN, *Trustee*, v. SUGDEN & *a.*

SUGDEN & *a.* v. HALL.

SAME *v.* LANGDON.

SAME *v.* NICKERSON.

An order for the payment of money due an insolvent debtor, given within four months before the filing of a petition in bankruptcy to a creditor who had actual knowledge of the maker's insolvency and reasonable cause to believe that a preference was thereby intended, constitutes a preference within the meaning of the federal bankruptcy act, and is voidable by the trustee.

A trustee in bankruptcy who seeks to avoid a preference may be permitted to show by parol evidence that a written order for the payment of money, purporting to have been given by the bankrupt as a copartner, is in fact an assignment of his individual assets.

BILL IN EQUITY, by the trustee in bankruptcy of George W. Seward, to avoid as preferences certain orders given by the bankrupt upon Hall, Langdon, and Nickerson, to John H. Sugden and others as the Portsmouth Milling Company, within four months before the filing of his petition; to restrain the defendants in the bill in equity from further prosecuting certain actions at law against the acceptors to enforce payment of the orders; and asking that the parties upon whom the orders were given be directed to pay the amounts in their hands due the bankrupt to the trustee. Transferred from the October term, 1901, of the superior court by *Young*, J.

Seward did business as a contractor and builder, under the name of Cowan & Seward and George W. Seward & Co., and the orders in question were signed " Everett Cowan and George W. Seward." Cowan had nothing to do with the business; and the Sugdens knew the fact, and did not rely on Cowan when they furnished the materials in payment for which the orders were given. Neither Cowan nor the firm of Cowan & Seward has been decreed bankrupt. The Sugdens knew that Seward was insolvent when the orders were given, and had reasonable cause to believe that the purpose of the orders was to give them a preference over other creditors. The court found that the orders in question were preferences within the meaning of the bankruptcy act, and ordered judgment for the defendants in the suits at law and for the plaintiff in the bill in equity, and the Sugdens excepted.

While the orders were accepted unconditionally, it was understood between the Sugdens and the acceptors that they were only to be paid out of money which might thereafter become due. Subject to the Sugdens' exception, the defendants in the suits at law were permitted to show by parol that they accepted the orders unconditionally by mistake; and Marden was permitted to show in the same way that Cowan was not in fact a partner with Seward, and had no interest in the contracts with Hall, Langdon, and Nickerson.

*John W. Kelley*, for Marden, trustee.

*Samuel W. Emery*, for Sugden and others.

*Edward H. Adams*, for Hall and Nickerson.

*Page & Bartlett,* for Langdon and Cowan.

REMICK, J. "If a bankrupt shall have given a preference within four months before the filing of a petition, . . . and the person receiving it, or to be benefited thereby, . . . shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." B'k'cy Act of 1898, *s.* 60b. "A person shall be deemed to have given a preference if, being insolvent, he has . . . made a transfer of any of his property, and the effect of the enforcement of such . . . transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." *Ib., s.* 60a. "'Transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." *Ib., s.* 1., *cl.* 25.

So far as it is a question of fact, the superior court has found that "the orders in question were preferences within the meaning of the bankruptcy act." Of the correctness of this conclusion, so far as it involves any question of law, there can be no doubt, in view of the express finding "that the Sugdens had reasonable cause to believe that Seward intended thereby to give them such a preference over other creditors, and that they, knowing Seward to be insolvent, took the orders to secure themselves," and in view of the further manifest fact that the Sugdens would be thereby enabled to obtain a greater percentage of their debt than other creditors of the same class. B'k'cy Act, *ss.* 60a, 60b. It follows that the orders were voidable by the trustee, and that judgment was properly ordered for the defendants in the suits at law and for the plaintiff trustee in the bill in equity (*Ib., s.* 60b; *Pirie* v. *Company,* 182 U. S. 438; *Landry* v. *Andrews,* 6 Am. B'k'cy Rep. 281), unless error was committed in the proceedings. The only errors alleged are: (1) That subject to the Sugdens' exception the defendants in the suits at law were permitted to show by parol that they accepted the orders unconditionally by mistake; (2) that the plaintiff in the bill in equity was permitted to show in the same way that Cowan was not in fact a partner with Seward and had no interest in the contract with either Hall, Langdon, or Nickerson.

As to the first exception, it is only necessary to say that it was wholly immaterial to the Sugdens whether the orders were accepted conditionally or unconditionally,— for a greater or less sum,— since, as already shown, the orders were entirely without effect as against the plaintiff trustee.

The second exception discloses no error. As trustee for the individual creditors of Seward, it was the duty of Marden to gather in all the individual assets properly belonging to the bankrupt estate of Seward. He was not bound to assume that credits nominally partnership were so in truth. If otherwise in fact, it was not only his right but his duty to show it; and parol evidence was clearly admissible for this purpose, certainly as between himself and the Sugdens, who, it is found, knew that the partnership existed only in name, and contracted relying solely upon the credit of Seward. Coll. B'k'cy 253, 254; 2 Gr. Ev., *ss.* 279, 478; 1 Ch. Pl. 13, 14; Par. Part. 130; 15 Enc. Pl. & Pr. 929, 930; 17 Am. & Eng. Enc. Law 912; *Hersom* v. *Henderson,* 23 N. H. 498, 504; *Edgerly* v. *Emerson,* 23 N. H. 555; *Furbush* v. *Goodwin,* 25 N. H. 425, 446; *Bromley* v. *Elliot,* 38 N. H. 287, 303; *Hatch* v. *Wood,* 43 N. H. 633; *Wilson* v. *Sullivan,* 58 N. H. 260, 263; *Charman* v. *Henshaw,* 15 Gray 293; *Ferguson* v. *King,* 5 La. An. 642; *Teed* v. *Elworthy,* 14 East 210.

*Exceptions overruled.*

All concurred.